UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY L. KINARD,

      Plaintiff,

v.

Case No. 05-74131
Honorable Patrick J. Duggan

JOHN S. RUBITSCHUN, MARGIE MCNUTT,
MARIANNE SAMPER, STEPHEN DEBOER,
CHARLES E. BRADDOCK,
HUGH WOLFENBARGER, JOE SCOTT,
GEORGE COOK, CNOLIA REDMOND,
DAN QUIGLEY, JIM ARMSTRONG, PATRICIA
CARUSO, and JANETTE PRICE,

      Defendants.
_____/

## OPINION AND ORDER

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on May 8, 2007.

PRESENT: THE HONORABLE PATRICK J. DUGGAN
U.S. DISTRICT COURT JUDGE

On October 28, 2005, Plaintiff, a state prisoner, filed this *pro se* civil rights action against Defendants, in their individual and official capacities. Defendants are members of the Michigan Parole Board ("Parole Board") or employees of the Michigan Department of Corrections ("MDOC"). The essence of Plaintiff's complaint is that Defendants conspired to deny him parole in retaliation for Plaintiff's filing of lawsuits and grievances against prison officials. Presently before the Court are Plaintiff's requests to amend his complaint and Defendants' motion to dismiss.

**Procedural Background**

On March 8, 2006, Plaintiff submitted a letter to the Court in which he sought to amend his complaint. On July 26, 2006, Defendants Cnolia Redmond, Dan Quigley, Patricia Caruso, John Rubitschun, Marianne Samper, Stephen DeBoer, Charles Braddock, Hugh Wolfenbarger, and Joe Scott filed a Motion to Dismiss the Complaint for Failure to Exhaust Administrative Remedies. Defendants argue in their motion that, pursuant to the "total exhaustion" rule announced by the Sixth Circuit in *Jones-Bey v. Johnson*, 407 F.3d 801 (6th Cir. 2005), Plaintiff's complaint must be dismissed in its entirety due to his failure to exhaust his administrative remedies with regard to his claim(s) against Defendant Janette Price. The motion to dismiss was adopted and incorporated by Defendant Price on July 26, 2006, by Defendant Margie McNutt on August 17, 2006, and by Defendant George Cook on September 8, 2006. Plaintiff filed a motion on September 28, 2006, again seeking the Court's permission to amend his complaint. These motions were assigned to Magistrate Judge Steven D. Pepe on November 21, 2006.

On February 27, 2007, Magistrate Judge Pepe filed an Opinion and Order denying Plaintiff's requests to amend his complaint and a Report and Recommendation (R&R) recommending that this Court grant in part and deny in part Defendants' motion to dismiss. In light of the Supreme Court's rejection of the total exhaustion rule in *Jones v. Bock*, 127 S. Ct. 910 (2007)– decided after Defendants filed their motion– Magistrate Judge Pepe recommends in his R&R that only Plaintiff's unexhausted claims– i.e. those against Defendant Price– should be dismissed. However, Magistrate Judge Pepe

recommends that this Court *sua sponte* dismiss on other grounds Plaintiff's claims against the Parole Board Defendants (i.e. Defendants Rubitschun, McNutt, Samper, DeBoer, and Braddock). Specifically, Magistrate Judge Pepe concludes that the Parole Board Defendants are entitled to Eleventh Amendment immunity.

At the conclusion of his decision, Magistrate Judge Pepe advises the parties that they may object to and seek review of the R&R within ten days of service upon them. On March 13, 2007, Plaintiff filed a motion requesting additional time to file objections to the R&R, which this Court granted the following day. Plaintiff submitted objections to the R&R on March 22, 2007.

## Standard for Review

Rule 72(a) of the Federal Rules of Civil Procedure provides the standard of review this Court must apply to evaluate Magistrate Judge Pepe's decision to deny Plaintiff's requests to amend his complaint. The rule provides in relevant part: "The district judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." FED. R. CIV. P. 72(a).

As to Magistrate Judge Pepe's recommendation with respect to Defendants' motion to dismiss, the parts of his R&R to which objections are made will be reviewed by the Court *de novo*. *See* FED. R. CIV. P. 72(b).

## Denial of Plaintiff's Requests to Amend the Complaint

Plaintiff first objects to Magistrate Judge Pepe's decision to deny his requests to

amend the complaint. With respect to this decision, Plaintiff argues that Magistrate Judge Pepe erred in concluding that the allegations in his proposed amended complaint are too unrelated to his pending claims to be brought in a single action. Plaintiff further argues that Magistrate Judge Pepe was incorrect in concluding that he failed to plead any factual allegations in support of his proposed breach of contract claim. Lastly, Plaintiff contends that the Supreme Court's decisions in *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364 (1994), and *Edwards v. Balisok*, 520 U.S. 641, 117 S. Ct. 1584 (1997), do not bar his proposed claims against MDOC Officer Joseph Warren and Grievance Coordinator Pete Yon for conspiring to fabricate a major misconduct ticket against him.

Taking Plaintiff's last argument first, the Sixth Circuit issued a decision subsequent to Magistrate Judge Pepe's decision, *Thomas v. Eby*, 481 F.3d 434 (6th Cir. 2007), that raises a question as to whether *Heck* and *Edwards* bar Plaintiff's proposed claims against Warren and Yon.[1] At this time, however, the Court finds it unnecessary to decide whether *Thomas v. Eby* impacts Plaintiff's ability to pursue his claims against

---

[1] In *Thomas v. Eby*, a state prisoner alleged that a corrections officer filed a major misconduct charge against him in retaliation for the prisoner filing a grievance against another corrections officer. 481 F.3d at 436-37. The district court dismissed the complaint *sua sponte* pursuant to *Heck* and *Edwards*, concluding that because the prisoner's misconduct conviction led to the forfeiture of "good-time credits," that in turn impacted the length of his sentence, his lawsuit requesting the restoration of those credits was not cognizable under 42 U.S.C. § 1983, but should be raised in a habeas corpus petition. *Id*. at 437. The Sixth Circuit reversed because the MDOC administered the prisoner's sentence under its "disciplinary scheme" and not its "good time program." *Id*. at 439. Under the disciplinary scheme, a victory for the prisoner would have at most the *potential* to decrease his period of detention and *Heck* and *Edwards* only bar a Section 1983 claim that "would *necessarily invalidate* a conviction or sentence." *Id*. at 438-39.

4

Warren and Yon. That is because the Court finds Magistrate Judge Pepe's reasoning for denying Plaintiff's request to add his other claims– i.e. that they are entirely too different from the claims in his initial complaint– equally applicable to his claims against Warren and Yon.[2]

In his initial complaint, Plaintiff claims that MDOC and Parole Board employees are engaged in a conspiracy to retaliate against him for filing lawsuits and grievances against prison officials. Nevertheless, in that complaint, Plaintiff focuses on discrete retaliatory conduct– i.e. the Parole Board's decision to deny him parole on three distinct occasions: May 25, 2001, June 4, 2004, and April 26, 2005. In his proposed amended complaint, Plaintiff seeks to add claims alleging that, since the filing of his initial complaint on October 28, 2005, MDOC employees– only some of whom are named as defendant in his initial complaint– transferred him from one prison facility to another and interfered with his legal mail in retaliation for his litigation activities. Permitting Plaintiff to litigate in one lawsuit every instance of misconduct allegedly committed against him by MDOC and Parole Board employees– regardless of how far removed the incidents are in time, place, and manner and whether they involve the same defendants– invites only confusion for the parties, this Court, and the trier of fact and a likelihood that a resolution

---

[2]Because the Court believes that this reasoning similarly applies to Plaintiff's proposed breach of contract claim, it will not address Plaintiff's objection to the R&R that is directed at that claim.

of his lawsuit will be unnecessarily delayed.³

The Court therefore concludes that Magistrate Judge Pepe's decision to deny Plaintiff's requests to amend his complaint was neither clearly erroneous nor contrary to law.

## Dismissal of Defendant Price

Plaintiff objects to Magistrate Judge Pepe's recommendation that this Court dismiss his claims against Defendant Price on non-exhaustion grounds. Plaintiff argues that the Magistrate Judge overlooked his argument that no available remedies exist for him to grieve his complaint against Defendant Price because any grievance would be untimely under MDOC's grievance procedures.

The Prison Litigation Reform Act of 1995 ("PLRA") requires prisoners to exhaust administrative remedies prior to filing a lawsuit with respect to prison conditions:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). According to the Supreme Court, this provision renders "[e]xhaustion . . . mandatory" and therefore, as a prerequisite to filing suit, "[p]risoners must now exhaust all 'available' remedies . . ." *Woodford v. Ngo*, – U.S. –, 126 S. Ct.

---

³The Court additionally notes that Plaintiff already is litigating a separate action in this district in which he alleges that prison officials conspired to and interfered with his legal mail. *See Kinard v. Nunnery*, Civil Action 04-70542 (filed March 2, 2004).

2378, 2383, 2385 (2006)(citing *Booth v. Churner*, 532 U.S. 731, 739, 121 S. Ct. 1819 (2001)).

In *Woodford*, the Court specifically addressed whether administrative remedies are "available" to a prisoner when the deadline for seeking administrative remedies has passed or the prisoner otherwise failed to follow the applicable procedural rules rendering his or her claim procedurally defaulted. The Court held that the PLRA's exhaustion requirement mandates exhaustion of administrative remedies, as that term is understood in administrative law. *Id*. at 2387. This means, the Court explained, "'using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits).'" *Id*. at 2385 (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)). "Proper exhaustion," the Court further explained, "demands compliance with an agency's deadlines and other critical procedural rules . . ." *Id*. at 2386.

In his initial complaint, Plaintiff alleges that Defendant Price mistreated a grievance Plaintiff filed against other prison officials at the second step of the grievance process. Plaintiff never filed an administrative grievance with respect to this conduct. While Plaintiff named Defendant Price along with other prison officials in an administrative grievance, Grievance SLF-06-04-0735-28A, that grievance related only to prison officials' treatment of his incoming and outgoing mail. Pursuant to *Woodford*, even if Plaintiff now is procedurally barred from filing an administrative grievance against Defendant Price, he failed to fully exhaust his administrative remedies as required by the PLRA. This Court therefore agrees with Magistrate Judge Pepe that Plaintiff

failed to exhaust his claim against Defendant Price and that she therefore should be dismissed from this lawsuit.

## Dismissal of the Parole Board Defendants

Plaintiff objects to Magistrate Judge Pepe's recommendation that this Court *sua sponte* dismiss the Parole Board Defendants on Eleventh Amendment immunity grounds. Plaintiff argues that the Eleventh Amendment does not bar his request for injunctive and declaratory relief or his request for damages against these Defendants in their individual capacities. Plaintiff is partially correct in his argument.

To the extent that they are sued in their *official* capacity for damages, the Parole Board Defendants are entitled to Eleventh Amendment immunity. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 109 S. Ct. 2304 (1989). These Defendants are entitled to immunity pursuant to a different theory to the extent they are sued in their *individual* capacity for damages. The Sixth Circuit has held that, like judges, parole board members are absolutely immune from damages when they are sued "'. . . for their conduct in individual parole decisions when they are exercising their decision making powers.'" *Horton v. Martin*, 137 Fed. App'x 773, 775 (6th Cir. 2005)(unpublished opinion)(quoting *Walter v. Torres*, 917 F.2d 1379, 1384 (5th Cir. 1990)). Parole board members exercise their decision making powers even if, when deciding whether to grant or deny a prisoner parole, "[they] make[] an unconstitutional or unlawful decision.'" *Mayorga v. Missouri*, 442 F.3d 1128, 1131 (8th Cir. 2006)(quoting *Patterson v. Von Riesen*, 999 F.2d 1235, 1239 (8th Cir. 1993)). Thus Plaintiff's claim for damages against the Parole Board

8

Defendants, in their official and individual capacities, are dismissed.

As Plaintiff notes in his objections, however, he also seeks injunctive and declaratory relief with respect to these Defendants. Eleventh Amendment immunity and absolute immunity do not extend to requests for injunctive or declaratory relief. *Orellana v. Kyle*, 65 F.3d 29, 33 (5th Cir. 1995); *Fuller v. Georgia State Bd. of Pardons and Paroles*, 851 F.2d 1307, 1310 (11th Cir. 1988). Thus, the Court declines to *sua sponte* dismiss the Parole Board Defendants.

Accordingly,

**IT IS ORDERED**, that Plaintiff's requests to amend his complaint in his March 8, 2006 letter and September 28, 2006 motion are **DENIED**;

**IT IS FURTHER ORDERED**, that Defendant's motion to dismiss is **GRANTED IN PART AND DENIED IN PART** in that Plaintiff's claims against Defendant Janette Price, only, are **DISMISSED**;

**IT IS FURTHER ORDERED**, that the Court *sua sponte* **DISMISSES** Plaintiff's

request for damages, only, against Defendants John Rubitschun, Margie McNutt, Marianne Samper, Stephen DeBoer, and Charles E. Braddock.

          s/PATRICK J. DUGGAN
          UNITED STATES DISTRICT JUDGE

Copies to:

Anthony Kinard, #157033
Chippewa Correctional Facility
4269 West M-80
Kincheloe, MI 49784

Cori E. Barkman, Esq.

Magistrate Judge Steven Pepe